IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| NASUSHON TAYLOR, | No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | |
| CITY OF SEATTLE, a municipal corporation, KHRISTOPHER SHEN, a City of Seattle Police Officer, LAUREN SELBY, a City of Seattle Police Officer, and RICHARD FLOS, a City of Seattle Police Officer, | |
| Defendants. | |

COMES NOW the Plaintiff, above-named, by and through her attorney of record, Jennifer Cannon-Unione of Dixon & Cannon, Ltd., and for cause of action against the Defendants, complains, alleges, and states as follows:

I.     PARTIES

1.1     Plaintiff NaSushon Taylor has at all times pertinent to this claim a resident of King County, Washington.

*COMPLAINT FOR DAMAGES*

*Page 1 OF 8*

*DIXON & CANNON, LTD.*
*601 Union Square, Suite 3230*
*Seattle, WA 98101*
*(206) 957-2247*

1.2  Defendant City of Seattle is a municipal corporation organized and operating under the laws of the State of Washington. The City of Seattle is responsible for all acts and omissions by Defendants Khristopher Shen, Lauren Selby, and Richard Flos, under the doctrine of respondeat superior.

1.3  Defendant Khristopher Shen is believed to be a resident of King County, Washington. At all times material hereto, Defendant Khristopher Shen was employed by the Defendant City of Seattle as a Seattle Police Officer in the City of Seattle Police Department. All acts alleged to have been performed by Defendant Khristopher Shen were done for and on his own behalf, and for and on the behalf of, and within the scope of his employment by Defendant City of Seattle.

1.4  Defendant Lauren Selby is believed to be a resident of King County, Washington. At all times material hereto, Defendant Lauren Selby was employed by the Defendant City of Seattle as a Seattle Police Officer in the City of Seattle Police Department. All acts alleged to have been performed by Defendant Lauren Selby were done for and on her own behalf, and for and on the behalf of, and within the scope of his employment by Defendant City of Seattle.

1.5  Defendant Richard Flos is believed to be a resident of King County, Washington. At all times material hereto, Defendant Richard Flos was employed by the Defendant City of Seattle as a Seattle Police Officer in the City of Seattle Police Department. All acts alleged to have been performed by Defendant Richard Flos were done for and on his own behalf, and for and on the behalf of, and within the scope of his employment by Defendant City of Seattle.

COMPLAINT FOR DAMAGES

Page 2 OF 8

DIXON & CANNON, LTD.
601 Union Square, Suite 3230
Seattle, WA 98101
(206) 957-2247

## II.     JURISDICTION AND VENUE

2.1     This Court has jurisdiction over the parties and subject matter of this action. Venue is proper within King County under RCW 4.92.010 as the City of Seattle is a defendant in this action.

## III.    STATEMENT OF FACTS

3.1     On June 23, 2020, at approximately 7:30 p.m., Ms. Taylor and her friend, Whitney Flores, were sitting in their car outside of their apartment building on 66th Street in Capital Hill.

3.2     Ms. Taylor is African American and Ms. Flores is Hispanic.

3.3     George Floyd had recently been murdered by Officer Derek Chauvin on May 25, 2020 and there were ongoing rallies and protests throughout Capitol Hill.

3.4     Ms. Flores was sitting in the driver's seat adjacent to the sidewalk and Ms. Taylor was in the front passenger seat.

3.5     While sitting in their car, Ms. Taylor and Ms. Flores observed a Caucasian woman, Kelsey Larson, on the city sidewalk with her dog.

3.6     Ms. Taylor and Ms. Flores became concerned that Ms. Larson was not picking up her dog's poop and a verbal exchange ensued. In order to document Ms. Larson's infraction, Ms. Flores began video recording from inside their car.

3.7     Ms. Larson, who was angry at Ms. Flores and Ms. Taylor went inside her apartment building to obtain the assistance of her boyfriend, Paul Montemayor, a young Caucasian male.

3.8     Mr. Montemayor decided to come out and confront Ms. Flores and Ms. Taylor who were still in their car.

COMPLAINT FOR DAMAGES

Page 3 OF 8

DIXON & CANNON, LTD.
601 Union Square, Suite 3230
Seattle, WA 98101
(206) 957-2247

3.9     Mr. Montemayor proceeded to approach their car and leaned in towards the open driver's window to confront them about his girlfriend, Ms. Larson.

3.10    Fearful by his actions, Ms. Taylor repeatedly asked him to leave them alone and to get away from their car.

3.11    Mr. Montemayor, refusing to leave them alone, continued to confront the two women.

3.12    To protect themselves and to make Mr. Montemayor to leave them alone, Ms. Taylor's friend began rolling up the front driver's window as Ms. Taylor, who was sitting in the front passenger seat, discharged her taser safely inside the car.

3.13    At this point, with their window up, Mr. Montemayor began walking away and called the police.

3.14    Ms. Flores captured the entire incident on video with her cell phone.

3.15    The video clearly shows Mr. Montemayor coming up to their car and confronting them. It also reveals that Ms. Taylor's actions were taken in an effort to get Mr. Montemayor to leave them alone, not to threaten or harass Mr. Montemayor.

3.16    Because the taser went off when Ms. Taylor was inside the car with the window closed, Mr. Montemayor could not have been in reasonable fear that Ms. Taylor would use the taser on him.

3.17    Seattle Police Officer Khristopher Shen, Seattle Police Officer Lauren Selby, and Seattle Police Officer Richard Flos responded to Mr. Montemayor's call.

COMPLAINT FOR DAMAGES

Page 4 OF 8

DIXON & CANNON, LTD.
601 Union Square, Suite 3230
Seattle, WA 98101
(206) 957-2247

3.18    When they arrived at the scene to investigate, they spoke with both Ms. Taylor and Ms. Flores who told them what happened. Ms. Taylor described how fearful she was by Mr. Montemayor's actions.

3.19    Ms. Taylor and Ms. Flores also showed officers the video of what happened.

3.20    In most instances, the story of the police encounter would end here with the officers telling everyone to go home. But Mr. Montemayor is white, and Ms. Taylor is black.

3.21    Despite having no probable cause to arrest and responding to age old stereotypes, the police maliciously and falsely arrested Ms. Taylor for felony harassment.

3.22    Defendants Seattle Police Officer Khristopher Shen, Seattle Police Officer Lauren Selby, and Seattle Police Officer Richard Flos were agents of the City of Seattle and were acting in the course and scope of their employment as Seattle Police Officers at the time of this false arrest.

3.23    Ms. Taylor had to spend nearly 1.5 days in King County Jail before she was released with no charges filed.

3.24    Ms. Taylor, who was 39 years old at the time, has never been arrested or charged with any crime.

3.25    Because of this unlawful arrest, she was stripped, searched, and put in a 13 by 15 feet holding cell with three other women.

3.26    Ms. Taylor was horrified because this cell was not big enough to allow each inmate to be physically distanced under the required six feet between individuals during the COVID pandemic.

COMPLAINT FOR DAMAGES

Page 5 OF 8

DIXON & CANNON, LTD.
601 Union Square, Suite 3230
Seattle, WA 98101
(206) 957-2247

3.27     In particular, one of the women appeared sick and was coughing. It was not until Ms. Taylor raised these concerns with the guards that they removed the sick woman from the cell.

3.28     Over the next several months, Ms. Taylor continued to feel victimized by this experience and suffered severe emotional distress, which included difficulty sleeping.

3.29     Also because of this arrest, Washington State cut off her unemployment benefits for a period of time.

## IV.     STATUTORY COMPLIANCE

4.1     More than sixty days prior to the commencement of this suit, Plaintiff served administrative claims for damages on the City of Seattle.

4.2     Any prerequisites to the maintenance of this action imposed by RCW 4.92 have been satisfied accordingly.

## V.     CAUSES OF ACTION

Plaintiff incorporates all paragraphs of this Complaint as if set forth under this count and further alleges:

5.1     The Defendants violated Plaintiff's constitutional rights pursuant to the 4th and 14th Amendments to the United States Constitution in violation of 41 U.S.C. §1983. The Defendants did not have probable cause to arrest Plaintiff for harassment. Additionally, the decision to arrest Plaintiff was improperly motivated by racial considerations. Had Mr. Montemayor been black and Ms. Taylor white, no arrest would have occurred.

5.2     Defendants' actions constitute the tort of outrage. The officers engaged in outrageous behavior when they arrested Ms. Taylor on the basis of her race and locked her in jail

COMPLAINT FOR DAMAGES

Page 6 OF 8

DIXON & CANNON, LTD.
601 Union Square, Suite 3230
Seattle, WA 98101
(206) 957-2247

during a COVID outbreak. In acting this way, the officers recklessly inflicted severe emotional distress on Ms. Taylor.

5.3   Defendants intentionally inflicted emotional distress upon Plaintiff. The officers engaged in outrageous behavior when they arrested Ms. Taylor based on race and locked her in jail during a COVID outbreak. These officers intended that this would create severe emotional distress for Ms. Taylor.

5.4   Defendants negligently inflicted emotional distress upon Plaintiff. A reasonable officer should know that locking a defendant in jail during a COVID outbreak would cause substantial emotional suffering. Ms. Taylor did in fact experience substantial emotional distress along with physical manifestation of that distress.

5.5   Defendant City of Seattle negligently trained and supervised Defendants Khristopher Shen, Lauren Selby, and Richard Flos, Seattle Police Officers.

## VI.   DAMAGES

6.1   As a direct and proximate result of Defendants' wrongful actions, Plaintiff has suffered humiliation, degradation, physical pain and suffering, and extreme emotional distress, entitling her to recover special and general damages.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages as follows:

   A.   For special damages in an amount to be proven at the time of trial;

   B.   For general damages in an amount to be proven at the time of trial;

   C.   For costs and disbursements, including reasonable attorney fees incurred in bringing this action that may be allowed by any rule or statute;

COMPLAINT FOR DAMAGES

Page 7 OF 8

DIXON & CANNON, LTD.
601 Union Square, Suite 3230
Seattle, WA 98101
(206) 957-2247

D.      For pre-judgment interest on special damages; and

E.      For such other and further relief as this court deems just and equitable.

DATED:      February 25, 2022

<u>s/ Jennifer Cannon-Unione</u>
Jennifer Cannon-Unione, WSBA #27008
Dixon & Cannon, Ltd.
601 Union Street, Suite 3230
Seattle, WA 98101
jennifer@dixoncannon.com
(206) 957-2247
Attorney for Plaintiff

COMPLAINT FOR DAMAGES

Page 8 OF 8

DIXON & CANNON, LTD.
601 Union Square, Suite 3230
Seattle, WA 98101
(206) 957-2247